# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**HOLDEN ANTHONY CRAIG**                                                              **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 3:24CV-196-CRS**

**BULLITT COUNTY, KENTUCKY**                                                        **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Holden Anthony Craig initiated the instant *pro se* civil rights action by filing a document captioned as a "motion to file false imprisonment lawsuit," which was docketed as a complaint, in the U.S. District Court for the Southern District of Indiana (DN 1). That court found that this Court was the proper venue for the action and transferred the case here (DN 4). That court also found that Plaintiff included his social security number in his complaint, directed that the complaint be temporarily sealed, and directed Plaintiff to file a redacted complaint which removes some or all of his social security number.

Thereafter, Plaintiff filed another "motion to file false imprisonment lawsuit" (DN 8). The Court construes the second motion as attempting to comply with the Southern District of Indiana's Order to file a redacted complaint because it makes the same allegations as the first motion and does not include Plaintiff's social security number.

Accordingly, **the Court DIRECTS the Clerk of this Court to strike DN 1 from the docket and move the attachments to DN 1 to DN 8**, the second motion.

The Local Rules require that a *pro se* civil rights complaint must be filed on this Court's approved form. LR 5.2(3). Plaintiff did not file the complaint on a Court-approved form for filing a civil complaint. Therefore, the Court will grant Plaintiff's "motion to file false imprisonment lawsuit" and order him to file an amended complaint on the Court-approved

Complaint for a Civil Case form. In the amended complaint, Plaintiff must include all claims he wishes to assert in this action. **He must identify the specific individuals who he believes violated his rights and state specifically how he alleges each Defendant violated his rights**. The amended complaint shall **supersede** the original complaint, and the Court will conduct an initial review of only the amended complaint in accordance with 28 U.S.C. § 1915(e).[1]

Accordingly, **IT IS ORDERED** that the "motion to file false imprisonment lawsuit" (DN 8) is **GRANTED**.

**IT IS ORDERED** that Plaintiff shall, **on or before May 30, 2024**, file an amended complaint on the Court's complaint form for filing a civil case.

In addition, Plaintiff filed a motion to proceed without prepayment of fees (DN 9) but did not file his motion on the Court's approved form. Therefore, **IT IS ORDERED** that the motion (DN 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, **on or before May 30, 2024**, file an application to proceed without prepayment of fees on the Court's approved form.

The **Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form and a prisoner application to proceed without prepayment of fees with the instant case number affixed to each and the word "Amended" also affixed to the complaint form.

**Plaintiff is WARNED that his failure to comply fully with this Order within the time allotted will result in DISMISSAL of the instant action**.

---

[1] When a plaintiff is proceeding *in forma pauperis*, this Court must review the instant action under § 1915(e). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

Finally, Plaintiff also filed a motion for appointment of counsel (DN 10). As grounds for his motion, he states that he is unable to afford counsel, that his imprisonment[2] will greatly limit his ability to litigate, that the issues involved in the case are complex, that he has limited access to a law library and limited knowledge of the law, that the case will involve conflicting testimony, and that he has made efforts to obtain a lawyer to no avail.

The appointment of counsel is not a constitutional right guaranteed under the Constitution in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e), "[t]he court *may* request an attorney to represent any person unable to afford counsel." § 1915(e)(1) (emphasis added). It is a matter "'within the discretion of the court,'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)), and "'is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "To determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). "This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado*, 992 F.2d at 606 (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. A review of Plaintiff's filings to date shows that he is familiar with the workings of the legal system and able to present his case to the Court. Moreover, Plaintiff's stated inability to obtain counsel is not unique to any *pro se* litigant who files suit in federal court. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this stage.

---

[2] Plaintiff's motion refers to his "imprisonment," but his other filings indicate that he is not currently incarcerated.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for appointment of counsel (DN 10) is **DENIED**. This ruling does not prevent Plaintiff from requesting the appointment of counsel at a future point in this action should circumstances arise to warrant such a request.

Date: April 26, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4411.010