UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**HOLDEN ANTHONY CRAIG**                                          **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:24CV-196-CRS**

**BULLITT COUNTY, KENTUCKY** *et al.*                            **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Holden Anthony Craig filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the amended complaint (DN 13)[1] pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the complaint without prejudice.

## I. SUMMARY OF ALLEGATIONS

The complaint caption lists Bullitt County, Kentucky as the only Defendant. In the "Defendants" section of the complaint form, Plaintiff lists Kyle Bradshaw and Matt Roederer, who he identifies as police officers employed by the Shepherdsville Police Department. He does not indicate in what capacity he sues Defendant Bradshaw or Roederer.

Plaintiff states that he "was on an excessive bail of $10,000.00." He asserts, "It was cruel and unusual punishment because I was not permitted to leave the holding cell. This is solitary confinement. . . . Although I repeatedly denied being suicidal, I was on suicide watch for the entire duration of my wrongful imprisonment." He continues, "I was woken up every fifteen minutes of every 24 hours, of the entire duration of my wrongful imprisonment. . . . I was forced to sleep on

---

[1] By prior Memorandum and Order (DN 12), the Court directed Plaintiff to file an amended complaint on the Court's approved form and stated that the amended complaint would supersede the original complaint.

a concrete floor. . . [and] was forced to drink water from the sink in order to survive."  He asserts, "I was deprived of my medication, which is vital to keep me alive."

Plaintiff further states, "I lack substantially in mens rea. . . . I did not knowingly or intentionally escape from the hospital:  Wellstone Regional Hospital."  He asserts, "I did not knowingly or intentionally resist arrest. . . . I did not resist arrest. . . . I did not break a body camera. . . . I did not break a watch."  He maintains that "Maggie Troxell claims she saw the arresting officer turn off his body camera."  Plaintiff continues, "I was never given a reason as to why I was being detained.  No probable cause.  I asked, but never saw a warrant.  I was never read my Miranda rights."

Plaintiff reports, "The E.D.O. that almost forced me into Wellstone Regional Hospital was ineffective because I signed myself in.  In doing so, I did not evade the police by escaping."  He states, "Maggie Troxell has reason to believe that the arresting officer in the criminal paperwork is not the same officer who arrested me. . .  I was assaulted by the police, they tried to break my arm."  He alleges, "I was discriminated against and wrongfully imprisoned because of my family history & my sexuality.  Entrapment."

As relief, he seeks compensatory damages and "expungement of records."

## II.  STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404

2

U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

#### A. *Bullitt County and official-capacity claims*

Plaintiff does not indicate in which capacity he sues Defendant Bradshaw or Roederer. However, if had sued these Defendants in their official capacities, the claims would fail. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Defendants are actually brought against their employer, the City of Shepherdsville. *Id.* at 165.

3

When a § 1983 claim is made against a municipality, such as the City of Shepherdsville or Bullitt County, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any of the actions taken against him occurred pursuant to a policy or custom of the City of Shepherdsville or Bullitt County.  Accordingly, his official-capacity claims against Defendant Bradshaw or Roederer and claim against Bullitt County must be dismissed for failure to state a claim upon which relief may be granted.

### B.  *Individual-capacity claims*

Furthermore, if Plaintiff had sued Defendant Bradshaw or Roederer in their individual capacities, the claims would also fail. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted

4

constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).   A plaintiff "must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012).  It is evident that the named Defendant police officers could not have been responsible for many of the alleged actions in the complaint, such as setting Plaintiff's bond or the conditions of his confinement while incarcerated.

Moreover, the Court observes that in directing Plaintiff to file an amended complaint, the Court stated that Plaintiff "must identify the specific individuals who he believes violated his rights and state specifically how he alleges each Defendant violated his rights" (DN 12).  Because the complaint does not specify which Defendant, if any, took the actions, the claims must be dismissed for failure to state a claim upon which relief may be granted.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for or failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights); *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights).

However, the Court will dismiss the action without prejudice and with leave to amend to the complaint for Plaintiff to state specifically how each Defendant violated his rights. *See Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024)

(approving dismissal of *pro se* complaint without prejudice and with leave to amend); *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment).

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form (the caption of the form should otherwise be left blank) and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

## V.  CONCLUSION

The Court will enter a separate Order dismissing the complaint for the reasons stated herein.

Date:  October 1, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
4411.010